**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **CARDWARE INC.** | |
| Plaintiff, | Civil Action No. 2:22-cv-00141 |
| v. | **COMPLAINT FOR PATENT INFRINGEMENT AND DAMAGES** |
| **SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.,** | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT AND DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff CardWare Inc., files this Complaint for Patent Infringement and Damages against Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc., and would respectfully show the Court as follows:

## PARTIES

1.      Plaintiff CardWare Inc. ("CardWare" or "Plaintiff") is a California corporation with its principal place of business located at 5201 Great America Parkway, Santa Clara, CA 95054. CardWare is an American firm that develops secure systems for electronic payments.

2.      Defendant Samsung Electronics Co., Ltd. ("SEC") is a company organized and existing under the laws of the Republic of Korea.  SEC has a principal place of business located at 129 Samsung-Ro, Yeongtong-Gu, Suwon-Shi, Gyeonggi-Do, 443-742, Republic of Korea.  SEC may be served at least by process under the Hague Convention.  SEC's "Information Technology & Mobile Communications" division is responsible for the design, manufacture, and sale of mobile

1

devices, such as smartphones, and related software, applications, and payment services that operate on cellular networks around the world and in the United States.

3.      Defendant Samsung Electronics America, Inc. ("SEA"; collectively with SEC, "Defendants") is a New York corporation with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.  SEA is a wholly-owned subsidiary of SEC. SEA has a business location in this District at 6625 Excellence Way, Plano, TX. 75023.  SEA may be served in Texas at least via its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4.      On information and belief, Defendants directly and/or indirectly develop, design, manufacture, distribute, market, offer to sell and/or sell infringing products and services in the United States, including in the Eastern District of Texas, and otherwise direct infringing activities to this District in connection with their products and services as set forth in this Complaint.

## JURISDICTION

5.      This civil action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a).

6.      This District has general and specific personal jurisdiction over Defendants because, directly or through intermediaries, Defendants have committed acts within this District giving rise to this action; are present in and transact and conduct business in this District and the State of Texas; and transact and conduct business with residents of this District and the State of Texas.

7.      CardWare's causes of action arise, at least in part, from Defendants' contacts with and activities in this District and the State of Texas.

8.      Defendants have infringed the patents-in-suit within this District and the State of Texas by making, using, selling, offering for sale, and/or importing in or into this District and elsewhere in the State of Texas, products claimed by the patents-in-suit, including without limitation products made by practicing the claimed methods of the patents-in-suit.  Defendants, directly and through intermediaries, make, use, sell, offer for sale, import, ship, distribute, advertise, promote, and/or otherwise commercialize such infringing products in or into this District and the State of Texas.  Defendants regularly conduct and solicit business in, engage in other persistent courses of conduct in, and/or derive substantial revenue from goods and services provided to residents of this District and the State of Texas.

9.      This Court has personal jurisdiction over Defendants pursuant to TEX. CIV. PRAC. & REM. CODE § 17.041 *et seq.*

10.      Personal jurisdiction exists over Defendants because Defendants have minimum contacts with this forum as a result of business regularly conducted within this District and the State of Texas, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within this District and the State of Texas.

11.      This Court also has personal jurisdiction over Defendants, in part, because Defendants each do continuous and systematic business in this District, including by providing infringing products and services to the residents of this District that Defendants knew would be used within this District, and by soliciting business from the residents of this District.

12.      For example, Defendants are subject to personal jurisdiction in this Court because, *inter alia*, Defendants through agents regularly solicit and transact business in this District and

have an established place of business in this District.  Accordingly, this Court's jurisdiction over the Defendants comports with the constitutional standards of fair play and substantial justice and arises directly from Defendants' purposeful minimum contacts with the State of Texas.

13.     This Court also has personal jurisdiction over Defendants because Defendants have made their products available for, at least, purchase and use within this District.

14.     Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

15.     For example, SEC maintains a regular and established place of business in this judicial district at 6625 Excellence Way, Plano, Texas 75023 and has committed acts of infringement in this District.

16.     As another example, SEA maintains a regular and established place of business in this judicial district at 6625 Excellence Way, Plano, Texas 75023 and has committed acts of infringement in this District.

17.     Defendants have not contested proper venue and exercise of personal jurisdiction in this District for patent infringement actions in the past.  *See, e.g.*, Answer at ¶¶ 13, 18, *Cal. Inst. Tech. v. Samsung Elecs. Co., Ltd. et al.*, No. 2:21-cv-0046, Dkt. 19 (E.D. Tex. Apr. 5, 2022); Answer to Amended Complaint at ¶¶ 6, 7, *Jawbone Innovations, LLC v. Samsung Elecs. Co., Ltd. et al.*, No. 2:21-cv-00186, Dkt. 27 (E.D. Tex. Dec. 9, 2021).

**THE PATENTS-IN-SUIT**

18.     On July 2, 2019, United States Patent No. 10,339,520 ("the '520 patent"), entitled "MULTI-FUNCTIONAL CREDIT CARD TYPE PORTABLE ELECTRONIC DEVICE" was duly and legally issued by the United States Patent and Trademark Office ("USPTO").  A true and correct copy of the '520 patent is attached hereto as **Exhibit A**.

19.     The '520 patent claims patent-eligible subject matter and is valid and enforceable.

20.     CardWare is the exclusive owner by assignment of all rights, title, and interest in the '520 patent, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '520 patent.

21.     Defendants are not licensed to the '520 patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '520 patent whatsoever.

22.     On April 21, 2020, United States Patent No. 10,628,820 ("the '820 patent"), entitled "MULTI-FUNCTION ELECTRONIC PAYMENT DEVICE" was duly and legally issued by the USPTO.  A true and correct copy of the '820 patent is attached hereto as **Exhibit B**.

23.     The '820 patent claims patent-eligible subject matter and is valid and enforceable.

24.     CardWare is the exclusive owner by assignment of all rights, title, and interest in the '820 patent, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '820 patent.

25.     Defendants are not licensed to the '820 patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '820 patent whatsoever.

26.     On October 20, 2020, United States Patent No. 10,810,579 ("the '579 patent"), entitled "SMART TOKENIZING PAYMENT CARD AND DEVICE AND TRANSACTION PROCESSING THEREOF, SYSTEM AND METHOD" was duly and legally issued by the USPTO.  A true and correct copy of the '579 patent is attached hereto as **Exhibit C**.

27.     The '579 patent claims patent-eligible subject matter and is valid and enforceable.

28.     CardWare is the exclusive owner by assignment of all rights, title, and interest in the '579 Patent, including the right to bring this suit for injunctive relief and damages, and

including the right to sue and recover all past, present, and future damages for infringement of the '579 Patent.

29.     Defendants are not licensed to the '579 patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '579 patent whatsoever.

30.     On November 16, 2021, United States Patent No. 11,176,538 ("the '538 patent"), entitled "MULTI-FUNCTION SMART TOKENIZING ELECTRONIC PAYMENT DEVICE" was duly and legally issued by the USPTO.  A true and correct copy of the '538 patent is attached hereto as **Exhibit D**.

31.     The '538 patent claims patent-eligible subject matter and is valid and enforceable.

32.     CardWare is the exclusive owner by assignment of all rights, title, and interest in the '538 patent, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '538 patent.

33.      Defendants are not licensed to the '538 patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '538 patent whatsoever.

34.     On May 10, 2022, United States Patent No. 11,328,286 ("the '286 patent"), entitled "MULTI-FUNCTION ELECTRONIC PAYMENT CARD AND DEVICE SYSTEM" was duly and legally issued by the USPTO.  A true and correct copy of the '286 patent is attached hereto as **Exhibit E**.

35.     The '286 patent claims patent-eligible subject matter and is valid and enforceable.

36.     CardWare is the exclusive owner by assignment of all rights, title, and interest in the '286 patent, including the right to bring this suit for injunctive relief and damages, and

including the right to sue and recover all past, present, and future damages for infringement of the '286 patent.

37.    Defendants are not licensed to the '286 patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '286 patent whatsoever.

38.    The '520, '820, '579,'538, and '286 patents are collectively referred to herein as the "CardWare Patents" or the "patents-in-suit."

## ACCUSED INSTRUMENTALITIES

39.    Defendants manufacture, use, test, market, offer for sale, sell and/or import into the United States payment cards and  electronic devices that are enabled with Samsung Pay for making secure    electronic    payments    (*see,    e.g.*,    https://www.samsung.com/us/samsung-pay/; https://www.samsung.com/my/samsung-pay/supported-devices/; https://www.samsung.com/in/support/mobile-devices/samsung-pay-what-is-it-where-is-it-and-how-to-use-it/).

40.    Hereafter, the term "Accused Instrumentalities" or "Accused Products" refers to all products manufactured, used, tested, imported, or sold by or on behalf of Defendants that embody the electronic devices claimed by the patents-in-suit and all processes employed by Defendants that practice the methods claimed by the patents-in-suit, consisting of at least Defendants' products that support Samsung Pay, including, by way of example and without limitation, the Samsung Money payment card and Samsung-branded mobile devices and smart watches, including without limitation, Defendants' Samsung-branded mobile devices which support Samsung Pay including at least the following:  Samsung Galaxy S6 (including S6 Edge, Active, and Edge+; S6, S6 Edge and S6 Active), Samsung Galaxy S7 (including S7 Edge & Active), Samsung Galaxy S8 (including S8+ & Active), Samsung Galaxy S9 (including S9+), Samsung Galaxy S10 (including S10e, S10+,

S10 5G and S10 Lite), Samsung Galaxy S20 (including S20 5G, S20+, S20+ 5G, S20 Ultra, S20 Ultra 5G, S20 FE, S20 FE 5G), Samsung Galaxy S21 (including S21+, S21 Ultra, S21 Ultra 5G, S21 FE, and S21 FE 5G), Samsung Galaxy S22 (including S22+, S22 Ultra, and S22 Ultra 5G), Samsung Galaxy Note 5, Samsung Galaxy Note 7, Samsung Galaxy Note FE, Samsung Galaxy Note 8, Samsung Galaxy Note 9, Samsung Galaxy Note 10 (including Note 10+, Note 10 5G, Note 10+ 5G and Note 10 Lite), Samsung Galaxy Note 20 (including Note 20 5G, Note 20 Ultra, Note 20 Ultra 5G), Samsung Galaxy Fold (including Fold 5G), Samsung Galaxy Z Flip (including Z Flip 5G), Samsung Galaxy Z Fold 2 (including Z Fold 2 5G), Samsung Galaxy Z Fold 3 (including Z Fold 3 5G), Samsung Galaxy Z Flip 3 (including Z Flip 3 5G), Samsung Galaxy A3, Samsung Galaxy A5 (including A5 2016 and A5 2017), Samsung Galaxy A7 (including A7 2016, A7 2017, and A7 2018), Samsung Galaxy A8 (including A8+ and A8 Star), Samsung Galaxy A9 (including A9 Pro and A9 2018), Samsung Galaxy A80, Samsung Galaxy A30s, Samsung Galaxy A31, Samsung Galaxy A32 (including A32 5G), Samsung Galaxy  42 5G, Samsung Galaxy A50s, Samsung Galaxy A51, Samsung Galaxy A52 (including A52 5G and A52s 5G), Samsung Galaxy A71, Samsung Galaxy A72, Samsung Galaxy M22, Samsung Galaxy M32, Samsung Galaxy M52 5G, Samsung Galaxy M22, and Samsung Galaxy M42 as well as Defendants' Samsung-branded smart watches which support Samsung Pay including at least the following:  Samsung Galaxy Watch, Samsung Galaxy Watch 3, Samsung Galaxy Watch 4, Samsung Galaxy Watch 4 Classic, Samsung Galaxy Watch Active, Samsung Galaxy Watch Active 2, Samsung Gear S2, Samsung Gear S3, and Samsung Gear Sport.  Plaintiff reserves its right to amend this list based on additional information from the discovery process.

41.     On information and belief, Defendants have pre-loaded each of the above Samsung-branded mobile devices and smart watches with their Samsung Pay software prior to offering them

for sale to consumers, thus allowing their customers to utilize the infringing functionalities of Samsung Pay, with and without an accompanying Samsung Money payment card, immediately after purchase.

## COUNT I
## PATENT INFRINGEMENT OF THE '520 PATENT

42.     Plaintiff restates and realleges the preceding paragraphs of this Complaint.

43.     Defendants have, under 35 U.S.C. §271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '520 patent, by making, using, testing, selling, offering for sale and/or importing into the United States the Accused Products.

44.     To the extent required, Plaintiff has fulfilled all requirements of 35 U.S.C. § 287(a).

45.     Defendants also indirectly infringe the '520 patent (from the date of this Complaint) under 35 U.S.C. §§ 271(b) and (c).

46.     Defendants knowingly and intentionally actively aid, abet, and induce others to directly infringe at least claim 1 of the '520 patent (such as its customers in this District and throughout the United States).

47.     Defendants continue to induce infringement of the '520 patent.

48.     Defendants contribute to the direct infringement of at least claim 1 of the '520 patent under 35 U.S.C. § 271(c) by supplying, with knowledge of the '520 patent, a material part of a claimed combination, where such material part is not a staple article of commerce and is incapable of substantial noninfringing use.

49.     Defendants contribute to their customers' and/or other third parties' infringement because, with knowledge of the '520 patent, Defendants supply the technology that allows their customers to infringe the '520 patent.

50.     Defendants have knowledge that their activities concerning the Accused Products infringe at least claim 1 of the '520 patent.

51.     On information and belief, Defendants will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and use the Accused Products (which are acts of direct infringement of the '520 patent) and Defendants have and will continue to encourage those acts with the specific intent to infringe at least claim 1 of the '520 patent.

52.     Further, Defendants provide information and technical support to their customers, including promotional materials, product manuals, brochures, videos, demonstrations, and website materials encouraging their customers to purchase the Accused Products and instructing their customers on how to use the Accused Products—which are acts of direct infringement of the '520 patent.

53.     Alternatively, Defendants know and/or will know that there is a high probability that the importation, sale, offer for sale, and use of the Accused Products constitutes direct infringement of the '520 patent but took deliberate actions to avoid learning of these facts.

54.     On information and belief, Defendants have made no attempt to design around the claims of the '520 patent.

55.     On information and belief, Defendants did not have a reasonable basis for believing that the claims of the '520 patent were invalid.

56.     On information and belief, Defendants' Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

57.     Defendants have caused and will continue to cause CardWare irreparable injury and damage by infringing at least claim 1 of the '520 patent.  CardWare will suffer further irreparable

10

injury, for which it has no adequate remedy at law, unless and until Defendants are enjoined from infringing the claims of the '520 patent.

58.     On information and belief, Defendants' infringement of the '520 patent has been exceptional, warranting an award of attorneys' fees under 35 U.S.C. § 285.

59.     The claim chart attached hereto as **Exhibit F** describes how claim 1 of the '520 patent is infringed by the Accused Products.  This provides details regarding only one example of Defendants' infringement, and only as to a single patent claim, and Plaintiff reserves its right to provide greater detail and scope via its Infringement Contentions at the time required under this Court's scheduling order.

**COUNT II**
**PATENT INFRINGEMENT OF THE '820 PATENT**

60.     Plaintiff restates and realleges the preceding paragraphs of this Complaint.

61.     Defendants have, under 35 U.S.C. §271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '820 patent, by making, using, testing, selling, offering for sale and/or importing into the United States the Accused Products.

62.     To the extent required, Plaintiff has fulfilled all requirements of 35 U.S.C. § 287(a).

63.     Defendants also indirectly infringe the '820 patent (from the date of this Complaint) under 35 U.S.C. §§ 271(b) and (c).

64.     Defendants knowingly and intentionally actively aid, abet, and induce others to directly infringe at least claim 1 of the '820 patent (such as its customers in this District and throughout the United States).

65.      Defendants continue to induce infringement of the '820 patent.

66.     Defendants contribute to the direct infringement of at least claim 1 of the '820 patent under 35 U.S.C. § 271(c) by supplying, with knowledge of the '820 patent, a material part of a claimed combination, where the material part is not a staple article of commerce and is incapable of substantial noninfringing use.

67.     Defendants contribute to their customers' and/or other third parties' infringement because, with knowledge of the '820 patent, Defendants supply the technology that allows their customers to infringe the '820 patent.

68.     Defendants have knowledge that their activities concerning the Accused Products infringe at least claim 1 of the '820 patent.

69.     On information and belief, Defendants will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and use the Accused Products (which are acts of direct infringement of the '820 patent) and Defendants have and will continue to encourage those acts with the specific intent to infringe at least claim 1 of the '820 patent.

70.     Further, Defendants provide information and technical support to their customers, including promotional materials, product manuals, brochures, videos, demonstrations, and website materials encouraging their customers to purchase the Accused Products and instructing their customers to use the Accused Products—which are acts of direct infringement of the '820 patent.

71.     Alternatively, Defendants know and/or will know that there is a high probability that the importation, sale, offer for sale, and use of the Accused Products constitutes direct infringement of the '820 patent but took deliberate actions to avoid learning of these facts.

72.     On information and belief, Defendants have made no attempt to design around the claims of the '820 patent.

73.     On information and belief, Defendants did not have a reasonable basis for believing that the claims of the '820 patent were invalid.

74.     On information and belief, Defendants' Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

75.     Defendants have caused and will continue to cause CardWare irreparable injury and damage by infringing at least claim 1 of the '820 patent.  CardWare will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Defendants are enjoined from infringing the claims of the '820 patent.

76.     On information and belief, Defendants' infringement of the '820 patent has been exceptional, warranting an award of attorneys' fees under 35 U.S.C. § 285.

77.     The claim chart attached hereto as **Exhibit G** describes how claim 1 of the '820 patent is infringed by the Accused Products.  This provides details regarding only one example of Defendants' infringement, and only as to a single patent claim, and Plaintiff reserves its right to provide greater detail and scope via its Infringement Contentions at the time required under this Court's scheduling order.

## COUNT III
## PATENT INFRINGEMENT OF THE '579 PATENT

78.     Plaintiff restates and realleges the preceding paragraphs of this Complaint.

79.     Defendants have, under 35 U.S.C. §271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 19 of the '579 patent, by making, using, testing, selling, offering for sale and/or importing into the United States the Accused Products.

80.     To the extent required, Plaintiff has fulfilled all requirements of 35 U.S.C. § 287(a).

81.     Defendants also indirectly infringe the '579 patent (from the date of this Complaint) under 35 U.S.C. §§ 271(b) and (c).

82.     Defendants knowingly and intentionally actively aid, abet, and induce others to directly infringe at least one claim of the '579 patent (such as its customers in this District and throughout the United States).

83.     Defendants continue to induce infringement of the '579 patent.

84.     Defendants contribute to the infringement of at least claim 19 of the '579 patent under 35 U.S.C. § 271(c) by supplying, with knowledge of the '579 patent, a material part of a claimed combination, where such material part is not a staple article of commerce and is incapable of substantial noninfringing use.

85.     Defendants contribute to their customers' and/or other third parties' infringement because, with knowledge of the '579 patent, Defendants supply the technology that allows their customers to infringe the '579 patent.

86.     Defendants have knowledge that their activities concerning the Accused Products infringe at least claim 19 of the '579 patent.

87.     On information and belief, Defendants will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and use the Accused Products (which are acts of direct infringement of the '579 patent) and Defendants have and will continue to encourage those acts with the specific intent to infringe at least claim 19 of the '579 patent.

88.     Further, Defendants provide information and technical support to their customers, including product manuals, brochures, videos, demonstrations, and website materials encouraging their customers to purchase the Accused Products and instructing their customers to use the Accused Products—which are acts of direct infringement of the '579 patent.

14

89.     Alternatively, Defendants know and/or will know that there is a high probability that the importation, sale, offer for sale, and use of the Accused Products constitutes direct infringement of the '579 patent but took deliberate actions to avoid learning of these facts.

90.     On information and belief, Defendants have made no attempt to design around the claims of the '579 patent.

91.     On information and belief, Defendants did not have a reasonable basis for believing that the claims of the '579 patent were invalid.

92.     On information and belief, Defendants' Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

93.     Defendants have caused and will continue to cause CardWare irreparable injury and damage by infringing at least claim 19 of the '579 patent.  CardWare will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Defendants are enjoined from infringing the claims of the '579 patent.

94.     On information and belief, Defendants' infringement of the '579 patent has been exceptional, warranting an award of attorneys' fees under 35 U.S.C. § 285.

95.     The claim chart attached hereto as **Exhibit H** describes how claim 19 of the '579 patent is infringed by the Accused Products.  This provides details regarding only one example of Defendants' infringement, and only as to a single patent claim, and Plaintiff reserves its right to provide greater detail and scope via its Infringement Contentions at the time required under this Court's scheduling order.

## COUNT IV
## PATENT INFRINGEMENT OF THE '538 PATENT

96.     Plaintiff restates and realleges the preceding paragraphs of this Complaint.

97.     Defendants have, under 35 U.S.C. §271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '538 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendants' Accused Products.

98.     To the extent required, Plaintiff has fulfilled all requirements of 35 U.S.C. § 287(a).

99.     Defendants also indirectly infringe the '538 patent (from the date of this Complaint) under 35 U.S.C. §§ 271(b) and (c).

100.    Defendants knowingly and intentionally actively aid, abet, and induce others to directly infringe at least claim 1 of the '538 patent (such as its customers in this District and throughout the United States).

101.    Defendants continue to induce infringement of the '538 patent.

102.    Defendants contribute to the infringement of at least claim 1 of the '538 patent under 35 U.S.C. § 271(c) by supplying, with knowledge of the '538 patent, a material part of a claimed combination, where such material part is not a staple article of commerce and is incapable of substantial noninfringing use.

103.    Defendants contribute to their customers' and/or other third parties' infringement because, with knowledge of the '538 patent, Defendants supply the technology that allows their customers to infringe the '538 patent.

104.    Defendants have knowledge that their activities concerning the Accused Products infringe at least claim 1 of the '538 patent.

105.    On information and belief, Defendants will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and use the Accused Products (which are acts of

direct infringement of the '538 patent) and Defendants have and will continue to encourage those acts with the specific intent to infringe at least claim 1 of the '538 patent.

106.    Further, Defendants provide information and technical support to their customers, including product manuals, brochures, videos, demonstrations, and website materials encouraging their customers to purchase the Accused Products and instructing their customers to use the Accused Products—which are acts of direct infringement of the '538 patent.

107.    Alternatively, Defendants know and/or will know that there is a high probability that the importation, sale, offer for sale, and use of the Accused Products constitutes direct infringement of the '538 patent but took deliberate actions to avoid learning of these facts.

108.    On information and belief, Defendants have made no attempt to design around the claims of the '538 patent.

109.    On information and belief, Defendants did not have a reasonable basis for believing that the claims of the '538 patent were invalid.

110.    On information and belief, Defendants' Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

111.    Defendants have caused and will continue to cause CardWare irreparable injury and damage by infringing at least claim 1 of the '538 patent.  CardWare will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Defendants are enjoined from infringing the claims of the '538 patent.

112.    On information and belief, Defendants' infringement of the '538 patent has been exceptional, warranting an award of attorneys' fees under 35 U.S.C. § 285.

113.    The claim chart attached hereto as **Exhibit I** describes how claim 1 of the '538 patent is infringed by the Accused Products.  This provides details regarding only one example of Defendants' infringement, and only as to a single patent claim, and Plaintiff reserves its right to provide greater detail and scope via its Infringement Contentions at the time required under this Court's scheduling order.

### COUNT V
### PATENT INFRINGEMENT OF THE '286 PATENT

114.    Plaintiff restates and realleges the preceding paragraphs of this Complaint.

115.    Defendants have, under 35 U.S.C. §271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 20 of the '286 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendants' Accused Products.

116.    To the extent required, Plaintiff has fulfilled all requirements of 35 U.S.C. § 287(a).

117.    Defendants also indirectly infringe the '286 patent (from the date of this Complaint) under 35 U.S.C. §§ 271(b) and (c).

118.    Defendants knowingly and intentionally actively aid, abet, and induce others to directly infringe at least claim 20 of the '286 patent (such as its customers in this District and throughout the United States).

119.    Defendants continue to induce infringement of the '286 patent.

120.    Defendants contribute to the infringement of at least claim 20 of the '286 patent under 35 U.S.C. § 271(c) by supplying, with knowledge of the '286 patent, a material part of a claimed combination, where such material part is not a staple article of commerce and is incapable of substantial noninfringing use.

121.    Defendants contribute to their customers' and/or other third parties' infringement because, with knowledge of the '286 patent, Defendants supply the technology that allows their customers to infringe the '286 patent.

122.    Defendants have knowledge that their activities concerning the Accused Products infringe at least claim 20 of the '286 patent.

123.    On information and belief, Defendants will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and use the Accused Products (which are acts of direct infringement of the '286 patent) and Defendants have and will continue to encourage those acts with the specific intent to infringe at least claim 20 of the '286 patent.

124.    Further, Defendants provide information and technical support to their customers, including product manuals, brochures, videos, demonstrations, and website materials encouraging their customers to purchase the Accused Products and instructing their customers to use the Accused Products—which are acts of direct infringement of the '286 patent.

125.    Alternatively, Defendants know and/or will know that there is a high probability that the importation, sale, offer for sale, and use of the Accused Products constitutes direct infringement of the '286 patent but took deliberate actions to avoid learning of these facts.

126.    On information and belief, Defendants have made no attempt to design around the claims of the '286 patent.

127.    On information and belief, Defendants did not have a reasonable basis for believing that the claims of the '286 patent were invalid.

128.    On information and belief, Defendants' Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

129.    Defendants have caused and will continue to cause CardWare irreparable injury and damage by infringing at least claim 20 of the '286 patent.  CardWare will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Defendants are enjoined from infringing the claims of the '286 patent.

130.    The claim chart attached hereto as **Exhibit J** describes how claim 20 of the '286 patent is infringed by the Accused Products.  This provides details regarding only one example of Defendants' infringement, and only as to a single patent claim, and Plaintiff reserves its right to provide greater detail and scope via its Infringement Contentions at the time required under this Court's scheduling order.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CardWare respectfully requests the following relief:

A.    A judgment that Defendants have directly infringed and continue to directly infringe either literally and/or under the doctrine of equivalents the CardWare Patents, as set forth in this Complaint;

B.    A judgment that Defendants have induced and continue to induce infringement of the CardWare Patents, as set forth in this Complaint;

C.    A judgment that Defendants have contributorily infringed and continue to contributorily infringe the CardWare Patents, as set forth in this Complaint;

D.    A judgment and order requiring Defendants to pay Plaintiff damages under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict infringement through entry of the final judgment with an accounting as needed;

E.    A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and Plaintiff is therefore entitled to reasonable attorneys' fees;

F.      A judgment and order requiring Defendants to pay Plaintiff pre-judgment and post-judgment interest on the awarded damages;

G.      H.      A judgment and order awarding Plaintiff its costs associated with bringing this action;

I.      A judgment granting a preliminary and permanent injunction that restrains and enjoins Defendants, their officers, directors, divisions, employees, agents, servants, parents, subsidiaries, successors, assigns, and all those in privity, concert or participation with them from directly or indirectly infringing the CardWare Patents; and

J.      Such further relief as the Court deems just and equitable.


### JURY TRIAL DEMANDED

Pursuant to FED. R. CIV. P. 38, Plaintiff CardWare Inc. hereby demands a trial by jury on all issues so triable.




Dated: May 11, 2022                                By: */s/ Eric H. Findlay*
                                                   Eric H. Findlay
                                                   State Bar No. 00789886
                                                   Brian Craft
                                                   State Bar No. 04972020
                                                   FINDLAY CRAFT, P.C.
                                                   102 N. College Ave. Suite 900
                                                   Tyler, Texas 75702
                                                   Tel: (903) 534-1100
                                                   Fax: (903) 534-1137
                                                   Email: efindlay@findlaycraft.com
                                                   Email: bcraft@findlaycraft.com