# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| CARDWARE INC., § § Plaintiff § § v. § § SAMSUNG ELECTRONICS CO., LTD. § SAMSUNG ELECTRONICS AMERICA, § INC. § § Defendants. § § | CASE NO. 2:22-CV-00141-JRG-RSP JURY TRIAL DEMANDED |

**DEFENDANTS SAMSUNG ELECTRONICS CO., LTD.'S AND SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION FOR PROTECTIVE ORDER REGARDING PLAINTIFF CARDWARE INC.'S DEPOSITION NOTICES**

Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung") hereby move for a protective order to quash CardWare Inc.'s ("CardWare") Deposition Notice of David Valente and to limit the scope of any venue-related depositions. The parties met and conferred in good faith regarding the relief sought in this Motion, and CardWare indicated that it would oppose this Motion.

## I.    INTRODUCTION

On October 28, 2022, Samsung filed a motion to transfer this case to the Northern District of California ("Transfer Motion"). Defs.' Mot. Transfer, ECF No. 32. Mr. Valente and ▇▇▇ submitted declarations in support of the Transfer Motion. ▇▇▇, ECF No. 32-1; Valente Decl., ECF No. 32-2. On November 10, 2022, the parties filed an Agreed Motion for venue-related discovery and briefing schedule. ECF No. 33. On November 7, 2022, CardWare served a "Venue-Related Deposition Notice" for Mr. Valente and ▇▇▇ (Exs. 1-2 (excerpts), respectively), and on November 14, a Rule 30(b)(6) for Samsung. Ex. 3 (excerpt). CardWare's deposition notices are improper for the following reasons.

**First**, CardWare has no basis to depose Mr. Valente, a Paul Hastings LLP attorney and Samsung's counsel. Mr. Valente submitted a declaration in support of the Transfer Motion. Valente Decl., ECF No. 32-2. Mr. Valente's declaration authenticates certain exhibits, states that Samsung may subpoena certain non-parties, and describes publicly available facts. Because deposing opposing counsel is disfavored and because the information sought is publicly available, privileged, or not crucial to CardWare's case, CardWare's notice for Mr. Valente's deposition is not proper. **Second**, CardWare's notices for deposition of ▇▇▇ and of Samsung are also without bounds, which this Court has found to be improper for venue discovery. Specifically, CardWare refuses to withdraw any of the deposition notices or to narrowly tailor the notices to the

1

venue-related issues raised in the Transfer Motion—i.e., the *Volkswagen* factors. Samsung requests the Court grant this Motion to protect Samsung.

## II.     LEGAL STANDARD

"The court may, for good cause, issue [a protective] order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). "[T]he decision whether to grant or deny a request for a protective order is entrusted to the district court's sound discretion." *Nguyen v. Excel Corp.*, 197 F.3d 200, 209 n.27 (5th Cir. 1999) (citing *Leatherman v. Tarrant Cty. Narcotics Intel. & Coordination Unit*, 28 F.3d 1388, 1394 (5th Cir. 1994)).

## III.    ARGUMENT

### A.     A Protective Order Is Necessary to Prevent the Deposition of Mr. Valente Because CardWare Cannot Satisfy the *Nguyen* Factors

Depositions of opposing counsel are generally disfavored because deposing opposing counsel "disrupts the adversarial system[,] . . . lowers the standards of the profession, . . . adds to the already burdensome time and costs of litigation[, and] . . . detracts from the quality of client representation." *Nguyen*, 197 F.3d at 209 n.26 (citation omitted). Depositions of opposing counsel are only proper when "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case." *Davis-Lynch v. Weatherford, Int'l, Inc.*, No. 6:07-CV-559, 2009 WL 2174925, at *2 (E.D. Tex. July 21, 2009) (quoting *Nguyen*, 197 F.3d at 208) ("*Nguyen* factors").

#### 1.    Factor 1: Other Means Exist to Obtain the Information

Less burdensome means exist for CardWare to discover the information it seeks to test Mr. Valente's representations in his declaration.

CardWare seeks to depose Mr. Valente on the factual representations made in his declaration, but any information sought regarding those representations is privileged or <u>is publicly available</u>. For example, these representations include when certain products first launched, companies' acquisition dates, and similar historical facts available on the internet. *See, e.g.*, Valente Decl. ¶ 7 (Google Wallet launched in 2011). In fact, sources of the historical facts found on the internet were provided to CardWare in Samsung's Invalidity Contentions, and are illustrated below. Accordingly, CardWare cannot satisfy *Nguyen* factor 1.

| Mr. Valente's Statement | Source | Invalidity Contentions Citation |
|---|---|---|
| Apple Pay was developed in 2013 in Cupertino, California. Valente Decl. ¶ 6. | *Banks Did It Apple's Way in Payments by Mobile* - The New York Times (nytimes.com), https://archive.nytimes.com/dealbook.nytimes.com/2014/09/11/banks-did-it-apples-way-in-payments-by-mobile/ (Sept. 11, 2014). | Page 55. |
| Apple Pay partnered with American Express, MasterCard, and Visa. Valente Decl. ¶ 6. | *Banks Did It Apple's Way in Payments by Mobile* - The New York Times (nytimes.com), https://archive.nytimes.com/dealbook.nytimes.com/2014/09/11/banks-did-it-apples-way-in-payments-by-mobile/ (Sept. 11, 2014). | Page 55. |
| Apple Pay used a token to replace the primary account number in the payment ecosystem. Valente Decl. ¶ 6. | *Apple Pay: An in-depth look at what's behind the secure payment system* | Engadget, https://www.engadget.com/2014-10-02-apple-pay-an-in-depth-look-at-whats-behind-the-secure-payment.html (Oct. 10, 2014). | Page 55. |
| Google Wallet launched in 2011. Valente Decl. ¶ 7. | *Google Wallet Product Launch* - YouTube, https://www.youtube.com/watch?v=am8t6iZ7up0 (May 27, 2011). | Page 23. |
| Google Wallet transmits data between a near field communication device and a point-of-sale terminal. Valente Decl. ¶ 7. | *Exploring Google Wallet using the secure element interface* (nelenkov.blogspot.com), https://nelenkov.blogspot.com/2012/08/exploring-google-wallet-using-secure.html (Aug. 27, 2012). | Page 25. |
| Google Pay was developed in Mountain View, California. Valente Decl. ¶ 7. | *Aire Technology, Ltd. v. Google LLC*, No. 6:21-cv-01104-ADA, Dkt. 32 (public version of Google's motion to transfer). | |
| Magento Inc., acquired by eBay around 2011, developed and released at | *Save Credit Cards With Our Free Magento Extension - Classy Llama*, https://www.classyllama.com/blog/credit- | Page 53–54. |

3

| Mr. Valente's Statement | Source | Invalidity Contentions Citation |
|---|---|---|
| least by August 15, 2013, the PayPal credit card tokenization extension. Valente Decl. ¶ 8. | cards-magento-paypal-extension (Aug. 15, 2013); *see also EBay Inc. Agrees to Acquire Magento*, https://www.ebayinc.com/stories/news/ebay-inc-agrees-acquire-magento/ (June 6, 2011). | |

      2.     **Factor 2: A Portion of the Information Sought Is Privileged**

CardWare's desire to depose Mr. Valente concerning whether the list of intended subpoenas are venue-motion driven is, at its core, CardWare seeking to discover Samsung's protected attorney work product, which is not discoverable. In select instances, Federal Rule Civil Procedure 26(b)(3) permits discovery of certain types of work product, but only when there is a "substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent . . . by other means." *In re EchoStar Commc'ns Corp.*, 448 F.3d 1294, 1302 (Fed. Cir. 2006) (citing Fed. R. Civ. P. 26(b)(3)). Rule 26(b)(3) also requires a court to "protect against the disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative." *Id.* "Under Rule 26(b)(3), this so-called 'opinion' work product deserves the highest protection from disclosure." *Id.* at 1303 (emphasis added). The underlying documents Samsung's counsel relied upon are publicly available and were already provided to CardWare, but the opinions, conclusions, and theories concerning those documents are protected from disclosure. At bottom, Samsung's counsel's analysis of potential prior art and which entities to subpoena is not "factual" work product; it is solely protected "opinion" work product warranting protection.

      3.     **Factor 3: The Information Is Not Crucial to This Case**

CardWare cannot show how the deposition of Mr. Valente is crucial to its case. As shown in the table above, Mr. Valente's factual representations are uncontroversial, wholly based on

4

public sources, and have been specifically identified in detail to CardWare. Also, CardWare cannot show why Mr. Valente's deposition testimony regarding the process for selecting certain prior art systems and individuals with knowledge of those prior art systems is crucial to the Transfer Motion. Samsung's protected attorney work product is irrelevant to the transfer analysis, specifically the *Volkswagen* factors.

CardWare cannot satisfy the *Nguyen* factors and good cause is established; thus, the Court should issue a protective order preventing a deposition of Mr. Valente.

### B.   Any Venue-Related Deposition Should Be Limited to the *Volkswagen* Factors

Parties seeking venue discovery must "show[] the Court that such discovery is narrowly drawn and properly tailored to open question[s] unable to be addressed by publicly available information." *AGIS Software Dev., LLC v. ZTE Corp.*, No. 2:17-cv-00517-JRG, 2018 WL 4854023, at *3 n.3 (E.D. Tex. Sept. 28, 2018) (Gilstrap, J.). This Court has found deposition topics untethered to venue-related issues to be improper during venue discovery. *See Uniloc USA, Inc. v. Apple Inc.*, No. 2:17-CV-00258-JRG, 2017 WL 3382806, at *2 (E.D. Tex. July 21, 2017) (Gilstrap, J.) (stating a topic that requests five years of business activities related to the patents or to plaintiff's claims in the litigation is improper); *see also AGIS Software Dev., LLC*, 2018 WL 4854023, at *3 n.3 (explaining that venue discovery must be "narrowly drawn and properly tailored to open question[s] unable to be addressed by publicly available information").

Samsung seeks to limit the deposition notices to Samsung and ▇▇▇▇ to venue-related issues raised in the Transfer Motion, and in particular, facts relevant to the *Volkswagen* factors with regard to Samsung Pay/Samsung Wallet and Samsung Money by SoFi. CardWare will not agree to limit the depositions notices to the *Volkswagen* factors. For example, the deposition notice to Samsung includes Topic No. 1, which seeks the identification of every current and former officer, employee, agent, or personnel involved with the "design, development, testing, marketing,

5

analytics, sales, or financial projections of the Accused Products."[1] Ex. 3. This deposition topic is impermissibly broad and unreasonably burdensome, because it requires Samsung to identify <u>every global</u> employee, officer, and agent (current and former) who has worked on the design, development, testing, marketing, analytics, or sales of nearly all of Samsung's mobile devices regardless of whether the current or former employee's work actually relates to Samsung Pay/Samsung Wallet or Samsung Money by SoFi. Plainly, the breadth of the information sought by Topic No. 1 is unduly burdensome and not tethered to the *Volkswagen* factors analysis. Samsung should be protected from such unreasonable and unduly burdensome deposition topics. Deposition Topic Nos. 2, 4, 5, 8, 11, and 12 are equally overbroad and should be limited in scope to the *Volkswagen* factors analysis with regard to Samsung Pay/Samsung Wallet and Samsung Money by SoFi, which are the accused functionalities, as opposed to directed to Samsung's mobile devices generally.

Samsung also seeks protection from topics that serve no purpose other than to harass Samsung or delay the resolution of Samsung's Transfer Motion. Such topics should be struck. For example, Topic No. 9 requests testimony on the identity, role, location, and nature of the relationship of <u>every</u> third party Samsung contractor concerning the Accused Products. Testimony responsive to this topic would require Samsung to identify <u>every global</u> vendor (current and former) who has provided any type of service related to nearly all of Samsung mobile devices, irrespective of whether the vendor's services related to Samsung Pay/Samsung Wallet or Samsung Money by SoFi, and whether the identity of every global vendors is relevant to a claim or defense

---

[1] "Accused Products" means "the accused instrumentalities listed in Plaintiff CardWare Inc.'s Disclosure of Asserted Claims and Infringement Contentions, or in any amendments thereto. For the absence of doubt, this definition includes the software and/or the hardware components involved in the operation and use of Samsung Pay, Samsung Wallet, and the Accused Cards." CardWare accuses more than 100 mobile devices in its Infringement Contentions.

in this case. For the same reasons, Samsung respectfully requests that this Court strike Deposition Topic Nos. 3, 6, and 7 because none of the aforementioned topics are relevant to the Transfer Motion. *See In re Google LLC*, No. 2022-140, 2022 WL 1613192, at *4 n.3 (Fed. Cir. May 23, 2022) (rejecting argument that Samsung has "direct and substantial ties to this District" because a party's "general presence" in a district is "not enough to establish a local interest").

Furthermore, to the extent CardWare's deposition notices are redundant or duplicative, Samsung requests such deposition notices be quashed and its number of depositions be limited to one deposition. *See Wade v. Westinghouse Lighting Corp.*, No. 1:11-CV-483, 2013 WL 12136608, at *4 (E.D. Tex. June 4, 2013) ("The Court is not convinced that [the deponent's] testimony would not be redundant or duplicative of that of [the 30(b)(6) deponent] . . . ."). Like in *Wade*, if CardWare's deposition notices are properly narrowed in scope, ███ testimony on his declaration and the Transfer Motion would be largely duplicative of any testimony provided in response to CardWare's Rule 30(b)(6) deposition notice to Samsung. Accordingly, CardWare should be limited to one deposition.

### IV.  CONCLUSION

Because good cause exists, Samsung requests that the Court issue an order: (1) quashing the deposition notice directed to Mr. Valente, (2) limiting the scope of any deposition to the venue-related issues raised in the Transfer Motion, specifically the *Volkswagen* factors, (3) striking corporate deposition topics 3, 6, 7, and 9 as unreasonable and unduly burdensome; and (4) limiting the number of venue-related depositions to one for CardWare.

DATED: November 28, 2022

Respectfully submitted,

By: */s/ Allan M. Soobert*
Allan M. Soobert
allansoobert@paulhastings.com
Kecia Reynolds (*pro hac vice*)

          keciareynolds@paulhastings.com
          David Valente (*pro hac vice*)
          davidvalente@paulhastings.com
          PAUL HASTINGS LLP
          2050 M Street NW
          Washington, D.C. 20036
          Telephone: 202-551-1700
          Facsimile: 202-551-1705

          Melissa R. Smith (TX Bar No. 24001351)
          melissa@gillamsmithlaw.com
          GILLAM & SMITH, LLP
          303 S. Washington Ave.
          Marshall, TX 75670
          Telephone: (903) 934-8450
          Facsimile: (903) 934-9257

          *Attorneys for Defendants Samsung Electronics Co., Ltd and Samsung Electronics America, Inc.*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for the Defendants met and conferred with counsel for the Plaintiff on numerous occasions from November 7 to November 28, 2022, in a good faith attempt to resolve the matters raised by this motion. No agreement could be reached. Plaintiff indicated it opposes the relief requested by this motion. Thus, these discussions have conclusively ended in an impasse and leave an open issue for the Court to resolve.

          /s/ *Allan M. Soobert*
          Allan M. Soobert

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on November 28, 2022. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by email.

  /s/ Allan M. Soobert  
Allan M. Soobert

## CERTIFICATE OF AUTHORIZATION TO SEAL

I hereby certify that under Local Rule CV-5(a)(7), the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter.

  /s/ Allan M. Soobert  
Allan M. Soobert
