IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CARDWARE INC.<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendants. | CIVIL ACTION No. 2:22-00141-JRG-RSP<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF CARDWARE INC.'S MOTION TO COMPEL DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS
<u>AMERICA, INC.'S VENUE-RELATED DISCOVERY</u>**

Pursuant to Federal Rule of Civil Procedure 37, Plaintiff CardWare hereby moves to compel Defendant Samsung to produce the discovery CardWare has requested relating to Samsung's Motion to Transfer venue (the "Venue Discovery Requests").  Dkt. No. 32.

## I.     INTRODUCTION

CardWare's Venue Discovery Requests are directly relevant to Samsung's Motion to Transfer.  But Samsung continues to maintain—after an extensive meet-and-confer process during which CardWare agreed to narrow its requests—that it will provide nothing more than the documents that it "relied upon" in filing its motion.  *See* Ex. A (Samsung counsel's November 22, 2022 email).[1]  This position is wholly unreasonable, unsupported by any legal authority, and does not even comport with this district's mandatory disclosure requirements.  Samsung's position creates an implication that Samsung cherry-picked the witnesses, third parties, and documents identified in its Motion to Transfer.  Indeed, Samsung's Motion to Transfer ignores the two (of three disclosed) Samsung witness employees identified as having knowledge of relevant facts located in Texas.[2]  CardWare is entitled to test Samsung's representations (and its omissions) from the Motion to Transfer, understand the *actual* third parties involved in Samsung's infringing acts, and investigate the relevance of the employees located at Samsung's Plano facility, which, per LinkedIn, appears to be the home of many of its key mobile device sales and marketing employees.

## II.    BACKGROUND REGARDING THE VENUE DISCOVERY REQUESTS

---

[1] CardWare has attached as exhibits to this motion certain emails from counsel for Samsung and counsel for CardWare.  In light of the Court's rules regarding the length of attachments to motions, CardWare has not attached the full email exchanges between counsel, but is prepared to provide those upon the Court's request.

[2] [redacted]

1

On November 4, 2022, CardWare served fifteen document requests and four interrogatories on Samsung related to the Motion to Transfer. On November 14, 2022, following more than three hours of meet-and-confer discussions across several Zoom calls, CardWare served ten revised document requests, limiting the documents CardWare is seeking (the "Venue Document Requests"). *See* Ex. B (listing Venue Document Requests). CardWare also narrowed the scope of its 30(b)(6) deposition notice. On November 20, 2022, notwithstanding CardWare's good faith meet-and-confer efforts, Samsung lodged over two-dozen general objections and several specific objections to each of the Venue Document Requests. Of the ten requests, Samsung sought a further conference regarding seven; refused to produce as to one; and agreed to produce only the non-privileged documents cited or discussed in its Motion to Transfer (as to one request) or cited or discussed in its responses to CardWare's venue-related interrogatories (as to another request).

That same day, Samsung served similarly baseless objections and responses to CardWare's four venue-related interrogatories. Samsung lodged over two-dozen general objections and several specific objections to each of CardWare's interrogatories and sought a further conference regarding all four interrogatories. On November 23, 2022, after additional discussion, CardWare agreed to further limit one of its document requests and proposed four revised interrogatories narrowing the information sought (the "Venue Interrogatories"). *See* Ex. B (listing Venue Interrogatories).

### III.  ARGUMENT

Samsung should be ordered to produce the requested information, all of which is highly relevant to Samsung's Motion to Transfer.[3]

---

[3] Samsung is partially objecting on the grounds that some of the requests are not venue-related. The Court's November 14, 2022 Order setting an expedited discovery schedule concerning the Motion to Transfer granted the parties' agreed-upon request that CardWare's Venue Interrogatories count against the overall total interrogatories under the Rules. Samsung cannot now *completely* refuse to provide the requested information, even within the time allowed by the Federal Rules, on the ground that, in its view, an interrogatory is not venue-related.

**A.      Samsung Should Provide the Information Requested in the Interrogatories**

Each of CardWare's four interrogatories request information relevant to the transfer analysis: namely, that Samsung (1) identify each employee—including by providing place of employ and habitation—who is or was involved with the design, development, testing, marketing, analytics, or sales of the Accused Products[4], and/or the marketing, sales, and analytics of the Mobile Products[5]; (2) identify those individuals in Texas who are or were involved with the marketing, sales, and analytics of the Mobile Products; (3) identify and describe all business activities that it (or a contracted third party) carries out in the Eastern District of Texas ("EDTX"), including travel to the EDTX, related to the Accused Products; and (4) identify—including by location—each third party (excluding customers) that contracts with Samsung in connection with the Accused Products. *See* Ex. B.

Samsung's primary objection to these interrogatories—that the definition of "Accused Products" is overbroad—is baseless. CardWare agreed to limit the definition of "Accused Products" to match the Accused Instrumentalities in its infringement contentions, namely, the Samsung Money by SoFi card, Samsung Pay, and Samsung Wallet, including as implemented on electronic devices (including Samsung-branded mobile devices and smart watches). *See* Ex. C (CardWare counsel's November 23, 2022 email). CardWare also requested certain information about mobile devices. Because Samsung only offers Samsung Pay technology in connection with mobile devices and not as a standalone product, marketing, sales, and analytics information about Samsung's mobile devices will be key to damages in the case (and therefore witnesses with such knowledge are critical to the

---

[4] As narrowed by CardWare, "Accused Product(s)" means the accused instrumentalities listed in Plaintiff CardWare Inc.'s Disclosure of Asserted Claims And Infringement Contentions, or in any amendments thereto. For the absence of doubt, this definition includes the software and/or the hardware components involved in the operation and use of Samsung Pay, Samsung Wallet, and the Accused Cards. *See* Ex. B.

[5] "Mobile Products" means Samsung-branded mobile computing devices, such as mobile phones and watches. *See* Ex. B.

3

transfer analysis).  Samsung's objections and refusal to provide discovery concerning a motion that Samsung itself filed suggests that Samsung is seeking to avoid producing discovery that reveals connections to the EDTX—particularly given that two Samsung witnesses identified on its initial disclosures are located in Texas (but are not mentioned in the Motion to Transfer).  *See Jawbone Innovations, LLC v. Samsung Elecs. Co., Ltd.*, No. 2:21-cv-00186-JRG-RSP, 2022 WL 4004195, at *6 (E.D. Tex. Aug. 31, 2022) ("[T]he fact that Samsung identified a witness in the District in its initial disclosures undercuts its argument that this District has no connection to this litigation.")

Samsung's other objections to the Venue Interrogatories are also groundless.  For example, Samsung objects to Interrogatories #1 and #2 on the basis that seeking the identity of individuals involved in marketing, sales, and analytics of the Mobile Products, *both globally and in Texas*, is overbroad with respect to the Motion to Transfer.  But Samsung put this directly at issue—arguing in its Motion to Transfer that the "center of gravity" for this action is in the NDCA, Dkt. No. 32 at 1, 2, 5, 6—and CardWare is entitled to test Samsung's argument.  Indeed, CardWare has reason to believe that Samsung's relevant witnesses, including those whom CardWare may choose to call at trial, are primarily in Texas, Korea, or Massachusetts (where Accused Product developer LoopPay was based).  *Cf. Bel Power Sols. Inc. v. Monolithic Power Sys., Inc.*, No. 6:21-CV-655-ADA, 2022 WL 2161056, at *7 (W.D. Tex. June 15, 2022) (denying motion to transfer and finding that "[m]ost of the evidence in this case will likely come from China. . . . Any evidence in China is on the other side of the world and will be about equally inconvenient to transfer to California and Texas") *mandamus denied In re Monolithic Power Sys., Inc.*, 50 F.4th 157 (Fed. Cir. 2022).

Likewise, Samsung's contention that Interrogatory #3 should be limited to *current* activities (with the exception of "development" activities) in the EDTX and that identification of travel to the EDTX should be limited to the individuals *disclosed in Samsung's Additional Initial Disclosures* is unreasonable.  Again, CardWare is entitled to know what business activities related to the Accused

4

Products Samsung has had in the EDTX, and such information is clearly relevant to convenience issues. For example, Samsung's argument that "party witnesses who reside in Korea would find traveling to NDCA more convenient than EDTX," Dkt. No. 32 at 13, would be undermined if Samsung employees, including those in Korea, regularly travel to Plano for work as opposed to San Francisco. For the same reasons, Samsung should be ordered to respond to Interrogatory #4 by identifying—including by location—each contracted third party connected with the Accused Products (who may play a role in the infringing acts).

### B. Samsung Should Produce the Requested Documents

The Venue Document Requests seek relevant documents. As to Requests #1 and #2, Samsung argues that it is unreasonable for CardWare to demand all non-privileged documents "referenced, reviewed, or relied on" in drafting the factual assertions made in the Motion for Transfer and in responding to CardWare's venue-related interrogatories.[6] The documents Samsung relied on or referenced in asserting facts in its transfer motion are obviously highly relevant to venue, but they *should also be proper* under this Court's mandatory disclosures requiring production of information relevant to the issues in the case. Request #3—which seeks specified materials related to any Samsung motions seeking transfer away from or to a Texas court in past cases concerning the Accused Products—and Request #4—which seeks deposition transcripts taken in connection with those past transfer motions—are directed to uncovering facts about Samsung's presence in the EDTX, and reflect on the credibility and consistency of the assertions Samsung now makes in support of transfer.

Samsung's stance regarding Requests #5 and #6 is similarly unsupportable. Requests #5 and #6 seek documents sufficient to identify third parties that contract with Samsung in connection with the Accused Products, and to identify current and former employees "involved in any of the design,

---

[6] Samsung also repeats the same baseless objection to the definition of "Accused Products" in its responses to the Venue Document Requests.

development, creation, testing, launching, creation of product development, financing, budgeting, marketing, analytics, or sales of the Accused Products and/or marketing, analytics, or sales of the Mobile Products." Samsung has responded that, with the exception of "development" activities, it will identify only *current* employees and contracting third parties regarding *only Samsung Pay, Samsung Wallet, and Samsung Money by SoFi*. With respect to documents relating to marketing, sales, and analytics of the Mobile Products, Samsung will provide information only about the individuals *identified in Samsung's Additional Initial Disclosures*. This unreasonable scope leaves out a potentially large number of relevant employees and third parties, including presumably those in Texas, who were involved with the Accused Products and with the marketing, analytics, or sales of the Mobile Products. In particular, Samsung's carveout for "development" activities—where it agrees to identify former employees—highlights the cherry-picked nature of the Motion to Transfer. Samsung appears to be hiding, for example, former employees involved in relevant activities, including the acquisition of LoopPay and the marketing and business strategies for Samsung Pay. Some of these former employees, including those who were present for the launch of Samsung Pay in 2015, and employed on the date of first infringement, might be some of the most relevant damages witnesses in the case.

Similarly, with respect to Request #7, Samsung has categorically refused to produce another set of clearly relevant documents: namely, organizational charts showing all of Samsung's employees and contractors in Texas who were involved with the marketing, sales, and analytics of the Mobile Products. Organizational charts should be produced as a matter of course in a patent infringement case and are relevant beyond just this venue motion. Finally, Samsung's objections to Requests #8, #9, and #10—which seek records regarding Samsung travel to Texas, meetings in Texas, and physical offices in Texas, respectively—on the basis that they seek documents irrelevant to the Motion to Transfer are baseless. As courts have found, the presence of employees in Texas and regularity of

6

travel to and meetings in Texas are highly relevant to determining whether this case should remain in the EDTX.[7]

## IV. CONCLUSION

For the foregoing reasons, CardWare requests that the Court order that Samsung produce the information and documents sought in the Venue Discovery Requests.

---

[7] *See, e.g., Jawbone Innovations, LLC*, 2022 WL 4004195, at *6 ("The Court finds that Samsung has little connection to the NDCA, thus there is little local interest in the NDCA deciding this case. Although U.S.-based development of Bixby is located in the NDCA, Bixby is but one of the accused features and Samsung has failed to refute Jawbone's assertion that Samsung's presence in the District has a relation to the accused products. Also, the fact that Samsung identified a witness in the District in its initial disclosures undercuts its argument that this District has no connection to this litigation."); *Rooster Prods. Int'l v. Custom Leathercraft Mfg. Co., Inc.*, No. SA:04-CA-864-XR, 2005 WL 357657, at *4 (W.D. Tex. Feb. 1, 2005) (denying transfer motion where the transferor venue in San Antonio was more convenient for witnesses because they "already travel to Texas up to ten to fifteen times per year as part of their employment, and it would be more convenient for them to travel to San Antonio where their attendance at trial can be coordinated with other business than for them to travel to California").

Dated:  December 1, 2022

Respectfully submitted,

By: /s/ Eric Findlay
Eric H. Findlay
State Bar No. 00789668
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
102 N. College Avenue, Suite 900
Tyler, Texas 75702
Tel: (903)534-1100
Fax: (903)534-1137
efindlay@findlaycraft.com
bcraft@findlaycraft.com

Matt Berkowitz (pro hac vice)
California Bar No. 310426
Lillian Mao (pro hac vice)
California Bar No. 267410
SHERMAN & STERLING – MENLO PARK
1460 El Camino Real, 2nd Floor
Menlo Park CA 94025
Tel: (650)838-3600

*Attorneys for Plaintiff CardWare Inc.*

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiff conferred with counsel for Defendants on November 3, 7, 8, 9, 10, 17, and 28, 2022 by phone and electronic mail. Plaintiff believes that the Parties are at an impasse, and thus Defendants oppose this motion.

/s/ Eric H. Findlay
Eric H. Findlay

**CERTIFICATE OF SERVICE**

The undersigned certifies that on December 1, 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system.

/s/ Eric H. Findlay
Eric H. Findlay