IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CARDWARE INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-cv-00141-JRG-RSP |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD. | § | JURY TRIAL DEMANDED |
| AND SAMSUNG ELECTRONICS | § | |
| AMERICA, INC., | § | |
| | § | |
| Defendants. | § | |


**PLAINTIFF CARDWARE INC.'S OPPOSITION TO DEFENDANTS SAMSUNG
ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.'S
MOTION TO STAY PENDING *INTER PARTES* REVIEW AND POST-GRANT
REVIEW PROCEEDINGS**

Plaintiff CardWare Inc. ("CardWare") respectfully opposes the motion of Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") to stay this case pending *inter partes* review ("IPR") and post-grant review ("PGR") proceedings (D.I. 61, "Motion").

## I.      INTRODUCTION

There is no precedent or factual basis for Samsung's Motion.  Samsung seeks to stay the case simply because it filed some IPR and PGR petitions with the Patent Trial and Appeals Board ("PTAB")—petitions that it waited six to nine months after being served with the Complaint to file, and petitions that have not yet been touched by the PTAB.  To CardWare's knowledge, this Court has never stayed a case pending the mere filing of IPR or PGR petitions under such circumstances.  In fact, Samsung knows this very well; it routinely files boilerplate motions to stay cases in this Court upon its mere filing of IPR petitions.  This Court has denied them every time— at least eight in the last six years by CardWare's count, as identified below.

Moreover, there are good reasons why this case should not be an exception to this Court's prior practices.

First, contrary to Samsung's suggestion, CardWare is an ongoing concern that continues to work to further develop and promote the technology claimed in the Patents-in-Suit.  There is more to this case than just monetary damages; Samsung's ongoing infringement (which has not stopped even after it was served with the Complaint) is one of several factors that has hurt CardWare in the past and that continues to create business headwinds.

Second, in terms of timing, Samsung waited far too long to file its IPR and PGR petitions in order to seek a stay in this case.  The Complaint was filed on May 11, 2022.  Samsung just finished filing its petitions more than eight months later, on January 20, 2023.  These petitions will

not be finally decided (even if instituted) until six months (or more) after the scheduled trial date of February 5, 2024.

Third, there is no reason to think that a stay will simplify the issues.  Samsung's petitions are weak and generally depend on three- or four-reference obviousness combinations.  They are unlikely to be successful.  But beyond that, Samsung has refused to agree to any meaningful estoppel; it only conceded that it "will not pursue invalidity in this district court litigation based on any instituted invalidity ground in the IPR and PGR proceedings."  This falls far short of even the statutory standard (covering grounds that "could have been raised") and short of what the PTAB has indicated it requires in order to avoid discretionary denials.

In sum, Samsung's motion consists of little more than its usual boilerplate arguments (based partly on misstated facts) that have repeatedly been rejected by this Court.  Its Motion should be denied.

## II.    LEGAL STANDARD

Samsung correctly articulates the factors courts typically consider when deciding whether to issue a stay pending IPR.  Samsung, however, omits any mention of the legion of cases from this Court (and others) denying stays simply upon filing of a petition under the circumstances presented in this litigation.  *See, e.g.*, *Uniloc USA, Inc. v. Autodesk, Inc.*, Case No. 2:15-cv-01187-JRG-RSP, 2016 WL 8229286, at *2 (E.D. Tex. May 13, 2016) (denying pre-institution motion to stay as premature); *Traver Grp., Inc. v. Dedicated Micros USA,*, No. 2:13-cv-1047-WCB, 2015 WL 1069179, at *6 (E.D. Tex. Mar. 11, 2015) (Bryson, J.) ("This Court's survey of cases from the Eastern District of Texas shows that when the PTAB has not yet acted on a petition for *inter partes* review, the courts have uniformly denied motions for a stay.").

Indeed, this Court has repeatedly denied very similar motions from Samsung for pre-institution stays. *See, e.g.*, *Arbor Global Strategies LLC v. Samsung Elecs. Co., Ltd.*, Case No. 2:19-cv-00333-JRG-RSP, 2020 WL 6305883, at *2 (E.D. Tex. Aug. 10, 2020) ("Samsung has not met its burden to show that a stay is appropriate as, most importantly, it did not show that the Board granted its petitions for IPR."); *see also, e.g.*, *Staton Techiya, LLC v. Samsung Elecs. Co., Ltd.*, Case No. 2:21-cv-00413-JRG-RSP (Lead), 2022 WL 4084421, at *2 (E.D. Tex. Sept. 6, 2022); *Nanoco Techs. Ltd. v. Samsung Elecs. Co., Ltd.*, Case No. 2:20-cv-00038-JRG, 2021 WL 3027335, at * 1-2 (E.D. Tex. Jan. 8, 2021) ("When a motion to stay is filed before the PTAB institutes any proceeding, courts often withhold a ruling pending action on the petition by the PTAB or deny the motion without prejudice to refiling in the event that the PTAB institutes a proceeding."); *Snik LLC v. Samsung Elecs. Co., Ltd.*, Case No. 2:19-cv-00387-JRG, 2020 WL 9076438, at *2 (E.D. Tex. Oct. 5, 2020); *Acorn Semi, LLC v. Samsung Elecs. Co., Ltd.*, Case No. 2:19-cv-00347-JRG, 2020 WL 10284981, at *2 (E.D. Tex. Sept 14, 2020); *Solas OLED Ltd. v. Samsung Display Co., Ltd.*, No. 2:19-cv-00512-JRG, D.I. 69 (E.D. Tex. Feb. 4, 2020); *Barkan Wireless IP Hldgs., L.P. v. Samsung Elecs. Co., Ltd.*, Case No. 2:18-cv-00028-JRG, 2019 WL 8647996, at *2 (E.D. Tex. Mar. 15, 2019); *Tessera Advanced Techs., Inc. v. Samsung Elecs. Co., Ltd.*, Case No. 2:17-CV-00671-JRG, 2018 WL 3472700, at *4 (E.D. Tex. Jul. 19, 2018); *Image Processing Techs., LLC v. Samsung Elecs. Co., Ltd.*, Case No. 2:16-cv-505-JRG, 2017 WL 10185855, at *1 (E.D. Tex. Feb. 17, 2017).

## III.    ARGUMENT

### A.    A Stay Would Prejudice CardWare

Samsung is wrong about the prejudice calculus.

CardWare is an ongoing startup working to develop mobile payment solutions using CardWare's technology.  As Mr. Wyatt has already explained, "CardWare continues to research

and develop the next generation of payment products, while also working to develop, promote, collaborate, partner and proliferate the technology described and claimed in the Patents-in-Suit." D.I. 62-3, ¶ 7.  As Samsung acknowledges, CardWare previously produced payment products (Mot. at 5); without Samsung's infringement and the harm that this has caused, these CardWare products could be competitive against Samsung in the future.  Samsung's ongoing infringement and continued efforts to delay this litigation are hindering CardWare's development, licensing, and partnership efforts.  CardWare needs this cloud of infringement removed in order to grow its business and validate its technology.

Samsung notes that it served an Interrogatory on CardWare seeking a "description of how [the products identified in CardWare's P.R. 3-1(f) disclosures] and associated methods, allegedly practice [the claims identified in CardWare's P.R. 3-1(f) disclosures]" and argues that "CardWare provided no such description of its allegations."  Mot. at 5.  This is simply wrong.  Pursuant to Fed. R. Civ. P. 33(d), CardWare responded by providing a list of 117 specifically-identified documents, which included a presentation on potential use cases, circuit diagrams, mechanical specifications, product images, and live videos of prototypes in operation.  Declaration of Matthew G. Berkowitz In Support of Plaintiff's Opposition to Defendants Samsung Electronics Co., Ltd and Samsung Electronics America, Inc.'s Motion to Stay Pending *Inter Partes* Review and Post Grant Review Proceedings ("Berkowitz Decl."), ¶ 3.  From this, Defendants could understand the function and operation of CardWare's products.  CardWare also identified David Wyatt as a witness knowledgeable about CardWare's products.  *Id.*  After claim construction, *see* P.R. 2-5(a), CardWare may, as necessary, supplement this Interrogatory response with additional information.  Accordingly, Samsung's argument that CardWare provided "no such description of its allegations"

is baseless.  Tellingly, Samsung never raised an issue with CardWare about its Interrogatory response until this Motion.

While Samsung asserts that it would be prejudiced by the expense of the litigation, it continues to profit off of its infringement.  Indeed, Samsung continues to advertise the features of Samsung Wallet in its newsroom at least as recently as last month[1] and is apparently now rolling Samsung Wallet out in eight more countries.[2]  There is no reason why Samsung should continue to profit from CardWare's technology while the litigation is stayed and while CardWare's startup business continues to face competitive challenges from Samsung's infringement.  Samsung should not be able to complain about prejudice from litigation at least until it stops selling and promoting the Accused Products in their current infringing form.

**B.     The Stage of the Proceedings Weights Against a Stay**

The Complaint was filed on May 11, 2022 and the Defendants were served the next day. *See* D.I. 1, 5, 6.  Nevertheless, Samsung waited more than six months (until November 15, 2022) to file even the first of its IPRs.  *See* D.I. 61-1 at 97; D.I. 61-2 at 77.  It did not file its PGR petitions until January 20, 2023, more than eight months after being served with the Complaint.  *See* D.I. 61-6 at 92; D.I. 61-7 at 52.  The PTAB has not acted on any of these petitions and will not do so for several more months.  In fact, the PTAB only yesterday accorded filing dates to the two most recent PGR petitions.  *See* Berkowitz Decl., ¶ 4.; *Saint Lawrence Commc'ns LLC v. ZTE Corp.*,

---

[1] *Take Your Passions Further with the New Samsung Galaxy S23 Series: Experience Today and Beyond*, Samsung Newsroom U.S. (Feb. 1, 2023), https://news.samsung.com/us/samsung-new-galaxy-s23-series-take-passions-further-designed-premium-experience-today-beyond-unpacked-2023/.

[2] Chandraveer Mathur, *Samsung Wallet is now available in 8 more countries*, Android Police (Jan. 10, 2023), https://www.androidpolice.com/samsung-wallet-available-8-countries-2023-india-australia/.

Case Nos. 2:15-CV-349-JRG & 2:15-CV-351-JRG, 2017 WL 3396399, at *2 (E.D. Tex. Jan. 17, 2017) (holding that "this Court has previously observed that failure [to] demonstrate diligence in the filing of IPR petitions weighs against a decision to stay" and faulting movant for "wait[ing] to file its IPR petitions for months after filing its invalidity contentions").  This means that, even assuming institution, these recent petitions likely will not be decided until mid-August 2024, six months or more after the scheduled trial date in this case (Feb. 5, 2024).  *See* D.I. 27; *AIA trial types,* U.S.P.T.O, https://www.uspto.gov/patents/ptab/trials/aia-trial-types (last visited Feb. 15, 2022) (explaining that timelines are the same for IPR and PGR proceedings and that the time from petition to final written decision for such proceedings is no more than 18 months).  Moreover, the parties have already engaged in significant litigation including the exchange of contentions, document productions, interrogatories (Samsung has already served 20 interrogatories), and a drawn-out motion to transfer process involving bi-directional discovery, a dispute before the Court, and depositions.  *See* D.I. 37, 38.

Further, while Samsung calls the petitions strong, CardWare disagrees and notes that they mainly rely upon awkward three- and four-reference obviousness combinations.  *See generally* D.I. 61-1 through 61-7.

In any event, Samsung's motion is clearly premature, just as it was in all of the numerous prior cases where Samsung filed motions to stay simply upon IPR filing (and which the Court denied in every instance).

## C.    A Stay is Unlikely to Simplify the Issues

Third, there is little simplification to be had from a stay.  Samsung asserts that it agreed not to "pursue invalidity in this district court litigation based on any instituted invalidity ground in the IPR and PGR proceedings."  This stipulation does not even come close to matching the statutory estoppel provisions, which also covers "all grounds not stated in the petition but which reasonably

could have been asserted against the claims included." *Cal. Inst. of Tech. v. Broadcom Ltd.*, 25 F.4th 976, 991 (Fed. Cir. 2022), *as modified in errata by Cal. Inst. of Tech. v. Broadcom Ltd.*, Appeal No. 2020-2222, D.I. 67, (Fed. Cir. Feb. 2, 2022).  Nor does it match the guidance issued by the USPTO Director in connection with discretionary denials.  *See* Berkowitz Decl., Exh. A ("[T]he PTAB will not discretionarily deny institution in view of parallel district court litigation where a petitioner presents a stipulation not to pursue in a parallel proceeding in the same grounds or any grounds that could have reasonably been raised before the PTAB.").  This alone is reason to deny a motion for a stay and may be a reason that the PTAB issues a discretionary denial, particularly given how long Samsung waited to file its petitions.  *Realtime Data, LLC v. Rackspace US, Inc.*, Case No. 6:16-cv-00961-RWS-JDL, 2017 WL 772654, at *3 (E.D. Tex. Feb. 28, 2017) ("[W]here defendants do not agree to be bound by the full estoppel provisions of Section 315, IPR 'may not actually simplify the issues at all.'") (quoting *Intellectual Ventures II LLC v. Kemper Corp.*, No. 6:16-cv-81, 2016 WL 7634422, at *3 (E.D. Tex. Nov. 7, 2016)).

## IV.   CONCLUSION

Samsung's repeated efforts at making the same pre-institution motion to stay in numerous cases before this Court based upon the same largely boilerplate arguments is a waste of judicial and CardWare resources.  There is no reason in this case to depart from prior practice and precedent.  The Court should deny the motion.

7

Dated:  February 15, 2023

Respectfully submitted,

By: */s/Eric H. Findlay*
Eric H. Findlay
State Bar No. 00789668
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
7270 Crosswater Avenue, Suite B
Tyler, Texas 75703
Tel: (903)534-1100
Fax: (903)534-1137
efindlay@findlaycraft.com
bcraft@findlaycraft.com

Matt Berkowitz (*pro hac vice*)
California Bar No. 310426
Lillian Mao (*pro hac vice*)
California Bar No. 267410
SHERMAN & STERLING
1460 El Camino Real, 2nd Floor
Menlo Park CA 94025
Tel: (650)838-3600

***Attorneys for Plaintiff CardWare Inc.***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on February 15, 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system.

*/s/ Eric H. Findlay*
Eric H. Findlay
