**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |  |
|---|---|---|
| CARDWARE INC., | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 2:22-cv-0141-JRG-RSP |
| SAMSUNG ELECTRONICS CO., | § | |
| LTD. AND SAMSUNG | § | |
| ELECTRONICS AMERICA, INC. | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## MEMORANDUM ORDER

Before the Court, defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively "Samsung") move pursuant to 28 U.S.C. § 1404(a) to transfer suit from the Eastern District of Texas ("EDTX") to the Northern District of California ("NDCA"). **Dkt. No. 32**. For the following reasons, the motion is **DENIED**.

## I.     Background

Plaintiff Cardware Inc. filed suit here alleging infringement of five patents directed to systems and methods for securely conducting transactions using a mobile device whereby the payment information is transmitted using encrypted one-time information that hides the credit card number or other user-associated payment information from the merchant. Dkt. No. 1. The accused products include mobile functionalities Samsung Pay[1] and Samsung Money by SoFi.[2] Samsung moves to transfer suit to the NDCA. Dkt. No. 32. An extended briefing schedule was set to

---

[1] Samsung Pay is part of Samsung Wallet, and the parties use the two interchangeably.
[2] The complaint refers to Samsung Money by SoFi as "Samsung Money Payment Card." See Dkt. No. 1 ¶ 40.

accommodate discovery, Dkt. No. 34, which is complete, and the motion is fully briefed. Dkt. No. 62, 65 & 68.

## II.    Section 1404(a)

A federal district court may transfer a case "for the convenience of parties and witnesses" to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a)'s threshold inquiry is whether the case could initially have been brought in the proposed transferee forum. *In re Volkswagen AG*, 371 F.3d 201, 202-03 (5th Cir. 2004) ("*Volkswagen I*"). The question of whether a suit "might have been brought" in the transferee forum encompasses subject matter jurisdiction, personal jurisdiction, and proper venue. *Id.* at 203. Only if this statutory requirement is met should the Court determine whether convenience warrants a transfer of the case. See *Id.*; *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("*Volkswagen II*"). The burden to prove that a case could have been brought in the transferee forum falls on the party seeking transfer. See *Volkswagen II*, 545 F.3d at 315; *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.,* 321 F.2d 53, 56 (5th Cir. 1963).

If that inquiry is satisfied, the Court determines whether transfer is proper by analyzing and weighing various private and public interest factors. *Id.*; accord *In re Nintendo Co., Ltd.,* 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re Apple Inc.*, 979 F.3d 1332, 1338 (Fed. Cir. 2020) (applying Fifth Circuit law). The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I,* 371 F.3d at 203). The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity

2

of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (quoting *Volkswagen I*, 371 F.3d at 203) (alterations in original). The factors are neither exclusive nor exhaustive, and no one factor is dispositive. *Id.*

The burden to prove that a case should be transferred for convenience falls squarely on the moving party. *Id.* Although the plaintiff's choice of forum is not a separate factor, respect for the plaintiff's choice of forum is encompassed in the movant's elevated burden to "clearly demonstrate" that the proposed transferee forum is "clearly more convenient" than the forum in which the case was filed. *Id.* at 314-15; *Apple*, 979 F.3d at 1338. While "clearly more convenient" is not necessarily equivalent to "clear and convincing," the moving party "must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019). In considering a transfer under § 1404(a), the Court may consider undisputed facts outside of the pleadings but must draw all reasonable inferences and resolve factual disputes in favor of the non-movant. See *Vocalife LLC v. Amazon.com, Inc.*, No. 2:19-cv-00123, 2019 U.S. Dist. LEXIS 205696, 2019 WL 6345191, at *2 (E.D. Tex. Nov. 27, 2019); *cf. Trois v. Apple Tree Auction Cent. Inc.*, 882 F.3d 485, 492-93 (5th Cir. 2018) (reviewing a transfer under § 1406); *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (reviewing enforcement of a forum-selection clause).

## III.   Analysis

There is no dispute as to whether suit could have been brought in the NDCA. Accordingly, the Court will proceed with the private and public factors.

### A.  Private Factor 1: Ease of Access to Sources of Proof

Samsung argues that the accused products were designed and developed in California in collaboration with SEC in South Korea, and accordingly documentation related to the design and development is located in California, outside the United States and potentially in Massachusetts. Dkt. No. 32 p 7. Cardware does not dispute this evidence. Nonetheless, it argues that evidence related to damages and testing is in Plano, Texas within this district. Dkt. No. 62 pp 3-4. Samsung does not refute that SEA's Mobile Quality Lab tests the accused products from Plano, Texas, but argues that testing designed to mimic consumer use is not relevant. Dkt. No. 65 p 2. Otherwise, Samsung does not refute that documentation related to damages is located in Plano, Texas.

Samsung also argues it intends to subpoena third party NDCA companies like Visa, Apple, Google, eBay, and Paypal for its non-infringement and invalidity defenses. Dkt. No. 32 pp 7-8. Regarding these third parties, Cardware argues that Samsung provides no evidence, but for the headquarters locations of cherry-picked companies, that any have information regarding the accused products or prior art, or where such information is stored. Further, Cardware highlights that Samsung has only charted out one prior art product in its invalidity contentions, Google Wallet. Dkt. No. 62 p 9-10

Cardware argues its location in Texas should be considered. Dkt. No. 62 pp 2, 7-8. Samsung responds that Cardware's recent move from California to Texas was for the purpose of litigation and should be ignored. Dkt. No. 65 pp 1-2. Cardware argues that the post-filing move of its CEA David Wyatt was planned pre-suit and postponed for family reasons. Dkt. No. 62 pp 2, 7-8.

Setting aside sources of proof outside the United States and potentially in Massachusetts as equally inconvenient for both this Court and the NDCA, and setting aside the speculative nature

of information to be acquired from third parties, the record establishes that evidence related to design and development is located in the NDCA whereas evidence related to damages is located in the EDTX.  Accordingly, this factor is neutral.

### B.  Private Factor 2: Availability of Compulsory Process

Samsung argues that the availability of compulsory process weighs in favor of transfer because the team members who work on the accused products reside in California. Dkt. No. 32 pp 9-10.  The Court notes that the list of potential witnesses provided by Samsung includes four current employees of Samsung Research America ("SRA"), and that Samsung is treating SRA as a non-party, when in fact it is a related entity and the SRA employees are likely willing witnesses. Moreover, and as argued by Cardware, Samsung's 30(b)(6) deponent Sridhar Kavuri testified that the current SRA employees who belonged on the development team no longer work on the payment framework for Samsung Pay, Dkt. No. 62-15 at 40:10-21, and the remaining members of the development team are no longer employed by SRA do not have knowledge that current employees of Samsung would not possess, *Id*. at 66:13-67:12. This testimony diminishes the significance of the team members for whom Samsung seeks availability of compulsory process.

Samsung also argues its intent to subpoena witnesses from third party NDCA companies like Visa, Apple, Google, eBay, and Paypal for information regarding "tokenization" technology for its non-infringement and invalidity defenses. Like above, Samsung argues its "intent" to subpoena documents and witnesses, but provides no evidence, but for the headquarters locations of cherry-picked companies, that any have information regarding the accused products or prior art, and the only prior art Samsung identifies in its invalidity contentions is Google Wallet. This factor slightly favors transfer.

### C.  Private Factor 3: Willing Witnesses' Cost of Attendance

Similar to the arguments above regarding sources of proof, Samsung argues that willing witnesses with knowledge of the design and development of the accused products reside in or around NDCA, Dkt. No. 32 p 12, whereas Cardware argues that witnesses with knowledge related to damages reside in and around EDTX, Dkt. No. 62 p 12. As it relates to witness from Korea, the difference of inconvenience is negligible. Samsung also argues for the cost of witness from third party NDCA companies like Visa, Apple, Google, eBay, and Paypal. Dkt. No. 32 p 12. Cardware questions the categorization of such witnesses as willing. Dkt. No. 62 p 13. Accordingly,  this factor is neutral.

### D.  Private Factor 4: Other Practical Considerations

This factor concerns judicial economy. *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *6 (E.D. Tex. Nov. 27, 2019). Samsung argues that because the case is in its infancy, transferring now would avoid unnecessary expenditure of judicial resources. Cardware argues that this logic is self-fulling based on other factors favoring transfer. We agree. This factor is neutral.

### E.  Public Factor 1: Administrative Difficulties

Samsung argues that this factor is neutral. Dkt. No. 32 p 14. Cardware responds that publicly available statistics regarding time to trial and case load favor EDTX. Dkt. No. 62 p 14. Accordingly, this factor slightly weighs against transfer.

### F.  Public Factor 2: Local Interest

"This factor most notably regards not merely the parties' significant connections to each forum writ large, but rather the 'significant connections between a particular venue and the events that gave rise to a suit.'" In re Apple, 979 F.3d at 1345 (quoting In re Acer Am. Corp., 626 F.3d

1252, 1256 (Fed. Cir. 2010)). The underlying technology relates to mobile transactions, the alleged infringement of which is not tied any district. This is not, for example, a breach of contract claim with performance within a particular district.

The parties each argue for their preferred location based upon previously asserted arguments. Samsung claiming the accused products were designed and developed in California, and Cardware arguing for its presence in Texas. Additionally, Cardware argues that Samsung has a significant presence in Plano, Texas which carries out testing on and marketing efforts over the accused products. In light of Samsung's presence in the district, this factor weighs against transfer.

### G.  Public Factors 3 & 4: Familiarity with the Law and Conflict of Law

The parties agree that these factors are neutral.

### IV.   Conclusion

In sum, the Court is not satisfied that the NDCA is clearly more convenient, and the motion is **DENIED**.

**SIGNED this 8th day of April, 2023.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE