**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CARDWARE INC., | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 2:22-cv-00141-JRG-RSP |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD.; | § | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG
ELECTRONICS AMERICA, INC.'S SECOND MOTION TO STAY IN VIEW OF
_INTER PARTES_ REVIEW AND POST-GRANT REVIEW PROCEEDINGS**

Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America,

Inc. ("SEA") (together, "Samsung" or "Defendants") again respectfully request a stay of this case

at least until the U.S. Patent and Trademark Office Patent Trial and Appeal Board ("PTAB") issues

the Final Written Decision ("FWD") in each of the instituted _Inter Partes_ Review ("IPR") and

Post-Grant Review ("PGR") proceedings of U.S. Patent Nos. 10,339,520 ("the '520 Patent"),

10,628,820 ("the '820 Patent"), 10,810,579 ("the '579 Patent"), and 11,328,286 ("the '286

Patent") (collectively the "Challenged Patents")[1] challenging claims asserted in this litigation by

Plaintiff CardWare, Inc. ("CardWare" or "Plaintiff").  Changed circumstances warrant this second

motion to stay.

---

[1] United States Patent No. 11,176,538 ("the '538 Patent") is also asserted in this litigation, but is
not subject to an instituted post-grant proceeding.  However, the institution of the PGR for the '286
Patent is applicable to the patentability of the asserted claims of the '538 Patent.  Collectively, the
'520 Patent, '820 Patent, '579 Patent, '538 Patent, and '286 Patent are "the Asserted Patents."

## I.      INTRODUCTION

Samsung respectfully requests that the Court stay this case at least until the PTAB issues FWDs in the IPR and PGR proceedings, the last of which is expected by August 12, 2024.  The three factors governing stays in this District favor granting this Motion.

First, CardWare will not suffer undue prejudice from a stay.  Courts consistently hold that the delay inherent in staying a case for the duration of an IPR or a PGR proceeding does not constitute undue prejudice, especially where, as here, CardWare does not have any ongoing sales of products practicing the Asserted Patents, and does not compete with Samsung.

Second, the stage of this litigation favors a stay—fact discovery is still ongoing and expert discovery has not yet commenced.  Because this case has yet to be in an advanced stage, significant pretrial discovery, filings, motions, and other events remain before the scheduled trial date in 2024.  Further, Samsung diligently sought to file its IPR and PGR petitions and this Motion, which weigh in favor of a stay.

Third, a stay is warranted because issues before this Court will be simplified in the IPR and PGR proceedings as every claim at issue will be impacted by the PTAB's final decisions.  For instance, the majority of the Asserted Patents is subject to an IPR or a PGR—four of five Asserted Patents.  Most significantly, one of the PGR proceedings challenging the '286 Patent include patent-eligibility issues under 35 U.S.C. § 101.  The PTAB's findings and conclusions related to patent-eligibility in that PGR will apply across all the closely-related Asserted Patents.

Accordingly, all factors support a stay at least until the last of the FWDs are issued in Samsung's IPRs and PGRs.

## II.     BACKGROUND

Samsung previously filed a "pre-institution" motion to stay pending IPR and PGR proceedings (Dkt. 61) which was denied without prejudice (Dkt. 64).  Right before the filing of

that motion, Samsung filed five IPR petitions and two PGR petitions, challenging every asserted claim of all five Asserted Patents.  *See* Dkt. 61 at 3.  On August 11, 2023, the PTAB issued the last of the IPR/PGR institution decisions:

| U.S. Patent No. | IPR/PGR Number | Claims Challenged | Institution Status (Decision Date) |
|---|---|---|---|
| 10,339,520 (Petition 1) | IPR2023-00210 | 1, 4-17 | Denied (June 13, 2023) |
| 10,339,520 (Petition 2) | IPR2023-00211 | 18-24 | Granted (June 13, 2023) |
| 10,628,820 | IPR2022-00314 | 1-20 | Granted (July 18, 2023) |
| 10,810,579 | IPR2023-00196 | 1-23 | Granted (June 13, 2023) |
| 11,176,538 | IPR2023-00219 | 1-21, 23-30 | Denied (June 13, 2023) |
| 11,328,286 (Petition 1) | PGR2023-00012 | 1-27 | Granted (August 11, 2023) |
| 11,328,286 (Petition 2) | PGR2023-00013 | 1-27 | Granted (August 11, 2023) |

Exs. 1-7 (PTAB Institution Decisions).  The IPR and PGR proceedings are based on obviousness grounds under 35 U.S.C. § 103, except one of the PGR proceedings related to the '286 Patent.  That PGR is based on patent-eligible subject matter, indefiniteness, enablement, and written description grounds under 35 U.S.C. §§ 101 and 112.  *See* Dkt. 61-7.  On August 23, 2023, this Court issued a Markman Order, which in part, held as indefinite claim 1 of the '520 Patent and claims 1 and 20 of the '538 Patent.  *See* Dkt. 138.

Currently, fact discovery is set to end on September 18, 2023, and the deadline to complete expert discovery is October 25, 2023.  Dkt. 134 at 3-4.  In addition, dispositive motions are due October 30, 2023, the pretrial conference is set for January 4, 2024, and jury selection is scheduled to begin on February 5, 2024.  *Id*. at 1, 3.  The last of the final written decisions of Samsung's IPRs and PGRs is expected on or before August 12, 2024.

## III.    LEGAL STANDARD

The Court "has the inherent power to control its own docket, including the power to stay proceedings before it." *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-CV-00011, 2016 WL 1162162, at *1 (E.D. Tex. Mar. 23, 2016).  In determining how to manage its docket, a district court "must weigh competing interests and maintain an even balance." *Customedia Techs. v. Dish Network Corp.*, No. 2:16-CV-129, Dkt. 187, slip op. at 1 (E.D. Tex. Aug. 9, 2017) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).  When deciding whether to stay a case pending IPR or PGR, courts consider "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015).  "Based on those factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.*  As described below, each of these factors weigh in favor of granting a stay.

## IV.    ARGUMENT

### A.    Factor 1: A Stay Will Not Unduly Prejudice CardWare

If the Court were to stay this case pending IPR/PGR, CardWare will not suffer undue prejudice, because "the mere fact of a delay alone does not constitute prejudice sufficient to deny a request for stay." *E-Watch, Inc. v. Lorex Can., Inc.*, No. CIV.A. H-12-3314, 2013 WL 5425298, at *2 (S.D. Tex. Sept. 26, 2013).  The question under this factor of "whether the patentee will be *unduly prejudiced* by a stay . . . focuses on the patentee's need for an expeditious resolution of its claim." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014).  Here, CardWare does not have any ongoing sales of any products practicing the Asserted Patents and does not otherwise compete with Samsung.  *See* Ex. 8 at 6-7 ("CardWare further states . . . there

4

have been no sales of any product practicing any claim of the asserted patents."). Therefore, a "stay will not diminish the monetary damages to which [CardWare] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages and delays any potential injunctive remedy." *VirtualAgility Inc.*, 759 F.3d at 1318; *Cellular Commc'ns Equip., LLC v. Samsung Elecs. Co.*, No. 6:14-cv-759, 2015 WL 11143485, at *2 (E.D. Tex. Dec. 16, 2015) ("mere delay in collecting [] damages does not constitute undue prejudice" (internal citations omitted)); *Pedersen v. Oracle Corp.*, No. 6:22-cv-00410, Dkt. 42, slip op. at 3 (W.D. Tex. Aug. 24, 2023) ("Some factors may diminish this risk, like where the requested stay is of a brief and definite duration. Pedersen argues that a stay would be prejudicial because it would be for an indefinite period, including time for any party's appeal. ECF No. 30 at 5. But Oracle acknowledges that it seeks an initial stay only until the PTAB issues its FWDs. Any risk of loss of evidence is accordingly diminished.").

In contrast, Samsung would be prejudiced without a stay. Samsung would continue to incur the expense and burden of defending against CardWare's infringement allegations on patent claims that are now more likely to be invalidated by the PTAB. In fact, a stay will benefit both Samsung and CardWare as the IPR and PGR process provides "a more efficient and streamlined patent system that will . . . limit unnecessary and counterproductive litigation costs." *MCM Portfolio LLC v. Hewlett-Packard Co.*, 812 F.3d 1284, 1290–91 (Fed. Cir. 2015) (quoting H.R. Rep. No. 112-98, at 39–40 (2011), *as reprinted in* 2011 U.S.C.C.A.N. 67, 69). Thus, the absence of prejudice weighs in favor of a stay.

**B.** **Factor 2: The Stay Will Help Avoid Significant Pre-Trial and Trial Costs**

Significant events remain in this case. For example, fact discovery is ongoing, with numerous depositions still scheduled to take place, and will not be completed until September 18, 2023. Dkt. 134 at 4. Expert discovery will not close until October 25, 2023. *Id.* at 3. Opening

and rebuttal expert reports will not be served until late September and early October, respectively. *Id*. Additionally, the deadline for dispositive motions is set for October 30, 2023. *Id*. Jury selection does not begin until February 5, 2024. *Id.* at 1. Thus, "denying a stay because of the progress of the case to this point would impose significant expenses on the parties that might be avoided if the stay results in the simplification (or obviation) of further court proceedings." *NFC Tech.*, 2015 WL 1069111, at *3; *see also Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1374 (Fed. Cir. 2014) (finding that the court should be "mindful of the burden on the parties and the court in completing both fact and expert discovery, resolving summary judgment motions, completing the Markman process, and preparing for trial" and further finding that such circumstances weighed strongly in favor of a stay) (opinion vacated because the parties settled the case the day before the opinion issued). Accordingly, factor 2 weighs in favor of a stay. *Norman IP Holdings, LLC v. TP-Link Techs., Co*., No. 6:13-cv-384-JDL, 2014 WL 5035718, at *3 (E.D. Tex. Oct. 8, 2014) ("A case need not be in its infancy to warrant a stay." (citation omitted)).

### C.   Factor 3: The PTAB Proceedings Will Simplify or Eliminate Issues Thus Streamlining Litigation and Reducing Burdens on the Parties and Court

"[T]he most important factor bearing on whether to grant a stay in this case is the prospect that the [PTAB] proceeding[s] will result in simplification of the issues before the Court." *NFC Tech.*, 2015 WL 1069111, at *4. Here, the resolution of the IPR and PGR proceedings will simplify issues in this case. Samsung's IPRs and PGRs challenge the validity of four of five Asserted Patents (except the '538 Patent). In particular, the Asserted Patents all claim priority to a common parent application, and even if the '538 Patent is not before the PTAB, any issue resolved during the IPRs and the PGRs would be impactful across all the Asserted Patents (including the '538 Patent). *See id.* at *7 (determining that even where all claims were not reviewed during IPR proceedings "any disposition by the PTAB is likely to simplify the

proceedings before this Court"); *see also Fairfield Indus. Inc. v. Seabed Geosols. (US) Inc.*, No. CV H-17-1458, 2019 WL 212333, at *2 (S.D. Tex. Jan. 16, 2019) ("The '589 Patent is closely related to the Patents-in-Suit as to which IPR proceedings have been instituted. As a result, claim construction and counterclaim issues will be simplified for all four Patents-in-Suit by the PTAB's decision."); *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1364 (Fed. Cir. 2017) ("[S]tatements made by a patent owner during an IPR proceeding, whether before or after an institution decision, can be relied upon to support a finding of prosecution disclaimer.").

In addition, the '286 PGR (PGR2023-00013) is based, in part, on patent-eligibility grounds. *See generally* Dkt. 61-7 ('286 PGR Petition). That PGR therefore will impact each and every Asserted Patent. Specifically, the PTAB will issue findings and conclusions related to, among other things, whether the claims are directed to fundamental economic practices, whether the claimed invention integrates the technology into a practical application, whether the claimed invention merely recites generic components, and whether the combination of claim elements amounts to something conventional. In fact, in that PGR the PTAB has indicated already that "claim 1 is directed to the secure verification of a user's information in order to enable a transaction with a payment server," which the PTAB concluded is an "abstract idea in the realm of fundamental economic practices and commercial or legal interactions." Ex. 7 at 33–34 (citing *Universal Secure Registry v. Apple, Inc.*, 10 F.4th 1342, 1353 (Fed. Cir. 2021) and *Innovation Scis., LLC v. Amazon.com, Inc.*, 778 F. App'x 859, 863 (Fed. Cir. 2019) (finding "securely processing a credit card transaction with a payment server" to be an abstract idea)). As such, if the Asserted Patents claim various iterations of the claimed secure payment technology described above, the PTAB's findings and conclusions from the '286 PGR will apply across all the Asserted Patents. *See Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013) ("If

the differences between the unadjudicated patent claims and adjudicated patent claims do not materially alter the question of invalidity, collateral estoppel applies.").

Likewise, Samsung stipulated that it will not pursue an invalidity defense in this case based on (i) any of the same grounds in the instituted IPRs or PGRs or (ii) any prior art reference that forms the basis of any ground in the instituted IPRs or PGRs.  *See* Ex. 9.  Thus, resolution of the IPR and PGR proceedings will allow for a substantial simplification of invalidity issues before this Court.

Ultimately, the IPR and PGR proceedings, regardless of their outcome, will simplify the proceedings before this Court.  *See NFC Tech.*, 2015 WL 1069111, at *2 ("A stay is particularly justified when 'the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues.'" (citation omitted)); *see also Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*, 2:16-CV-00642, 2017 WL 9885168, at *1 (E.D. Tex. June 13, 2017) ("[E]ven if the PTAB does not invalidate every claim on which it has instituted IPR, there is a significant likelihood that the outcome of the IPR proceedings will streamline the scope of this case to an appreciable extent."); *LS Cloud Storage Techs., LLC v. Google, LLC*, No. 1:22-CV-00853-RP, 2023 WL 5004870, at *2 (W.D. Tex. July 25, 2023) ("Even if only some claims related to only the'092 patent are resolved, the number of claims the district court would have to evaluate in determining the issues would be decreased.").  Accordingly, because there will be significant simplification of issues upon the resolution of the IPRs and PGRs, factor 3 also weighs in favor of a stay.

## V.    CONCLUSION

For the reasons stated above, Samsung respectfully requests the Court grant this Motion to stay this case at least until the last of the FWDs are issued on or before August 12, 2024 in *Inter*

*Partes* Review proceedings of the '520 Patent, '820 Patent, '579 Patent, and Post-Grant Review proceedings of the '286 Patent.

DATED:  August 29, 2023        Respectfully submitted,

By:  */s/ Allan M. Soobert*
Allan M. Soobert
allansoobert@paulhastings.com
Kecia Reynolds (*pro hac vice*)
keciareynolds@paulhastings.com
David Valente (*pro hac vice*)
davidvalente@paulhastings.com
Brandon Howell (*pro hac vice*)
brandonhowell@paulhastings.com
Jason Mikus (*pro hac vice*)
jasonmikus@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone: 202-551-1700
Facsimile: 202-551-1705

Robert Laurenzi
robertlaurenzi@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090

Elizabeth Brann
elizabethbrann@paulhastings.com
Ariell N. Bratton
ariellbratton@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Melissa R. Smith (TX Bar No. 24001351)
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 S. Washington Ave.

Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

James Travis Underwood
Gillam & Smith LLP
102 N College, Suite 800
Tyler, TX 75702
903-934-8450
Fax: 903-934-9257
Email: travis@gillamsmithlaw.com

*Attorneys for Defendants Samsung Electronics*
*Co., Ltd and Samsung Electronics America, Inc.*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for the Defendants met and conferred with counsel for the Plaintiff on August 28, 2023 in a good faith attempt to resolve the matters raised by this motion. No agreement could be reached. Plaintiff indicated it opposes the relief requested by this motion. Thus, these discussions have conclusively ended in an impasse and leave an open issue for the Court to resolve.

  */s/ Allan M. Soobert*
Allan M. Soobert

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on August 29, 2023. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

  */s/ Allan M. Soobert*
Allan M. Soobert